EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>José Francisco Cardona Veguet | 2015 TSPR 47<br><br>192 DPR ____ |

Número del Caso: TS-15,475

Fecha: 10 de marzo de 2015

Programa de Educación Jurídica Continua:

     Lcda. Geisa M. Marrero Martínez
     Directora Ejecutiva

Materia: La suspensión será efectiva el 24 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In Re: | | |
|---|---|---|
| José Francisco Cardona Veguet | TS-15,475 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de marzo de 2015.

En esta ocasión nos vemos forzados a ordenar la suspensión indefinida de un miembro de la profesión legal por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC y de este Tribunal. Estamos impedidos de tomar otro curso de acción ante la conducta irreverente demostrada en el trámite que exponemos a continuación.

I.

El Lcdo. José F. Cardona Veguet fue admitido al ejercicio de la abogacía el 23 de agosto de 2005.[1] De su

---

[1] El licenciado Cardona Veguet renunció voluntariamente al ejercicio de la notaría mediante carta de 25 de septiembre de 2009. Dicha renuncia fue aprobada a través de nuestra Resolución de 29 de diciembre de 2009, una vez tomamos conocimiento de que su obra notarial fue examinada, aprobada y entregada al Archivo General de Protocolos del Distrito Notarial de San Juan.

expediente personal se desprende que no cumplió con los requisitos del PEJC para el periodo de 1 de agosto de 2007 al 31 de julio de 2009. Por dicho incumplimiento, el 3 de septiembre de 2009 el PEJC le envió al licenciado Cardona Veguet un Aviso de Incumplimiento, mediante el cual se le concedieron -entre otras alternativas- 60 días adicionales para que tomara los cursos necesarios a los fines de cumplir con el periodo de referencia.

El término transcurrió sin que el licenciado Cardona Veguet cumpliera con los requisitos del PEJC. Cabe mencionar que tampoco pagó la cuota relacionada al cumplimiento tardío. Así las cosas, el 1 de septiembre de 2011 el PEJC le cursó al licenciado Cardona Veguet una citación para una vista informal que se celebraría el 30 de septiembre de 2011. Llegado el día de la vista, el licenciado Cardona Veguet no compareció. En consecuencia, el Oficial Examinador recomendó remitir el asunto ante nuestra consideración. Posteriormente, el 12 de marzo de 2014 el PEJC le notificó al licenciado Cardona Veguet el Informe de la vista informal y le concedió un término adicional de 30 días para cumplir con el requerimiento de cursos antes de tomar acciones ulteriores. El licenciado Cardona Veguet tampoco contestó esta comunicación.

Como resultado de este cuadro fáctico, el 10 de octubre de 2014 la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante este Tribunal un *Informe sobre Incumplimiento con*

*Requisito de Educación Jurídica Continua.* Mediante dicho Informe expuso los trámites que anteceden en cuanto al licenciado Cardona Veguet y manifestó su preocupación por la actitud pasiva que había demostrado para cumplir con los requisitos del PEJC y atender sus comunicaciones. Nos solicitó que tomáramos conocimiento del proceso de incumplimiento del licenciado Cardona Veguet y que le concediéramos un término final para cumplir con los requisitos del PEJC.[2]

En atención a ello, mediante Resolución de 20 de octubre de 2014, notificada el 21 de octubre de 2014, le otorgamos al licenciado Cardona Veguet un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. El licenciado Cardona Veguet no respondió a nuestro llamado. Es importante destacar que todas las comunicaciones previamente mencionadas fueron cursadas a la dirección postal del licenciado Cardona Veguet que consta en el Registro Único de Abogados y Abogadas (RUA) y ninguna fue devuelta. Examinemos la normativa aplicable a este asunto.

---

[2] Asimismo, surge del Informe presentado por la Directora del PEJC que el licenciado Cardona Vaguet tampoco ha cumplido con los requisitos reglamentarios del PEJC para el periodo de 1 de agosto de 2011 al 31 de julio de 2013.

II.

En nuestra jurisdicción los abogados y las abogadas tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".[3] En virtud de nuestro poder inherente para reglamentar la profesión de la abogacía y en sintonía con el deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua[4] y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).[5]

El propósito primordial para la adopción de dichos cuerpos reglamentarios fue establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.[6] Todo ello a los fines de fomentar el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia.[7]

El Reglamento del PEJC les exige a los profesionales del derecho admitidos a la práctica que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2.
[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).
[5] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).
[6] Íd.
[7] Íd.

cada dos años.[8] Además, dispone que todo profesional del Derecho debe presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito, luego de los 30 días siguientes a la terminación de cada periodo de cumplimiento.[9]

Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, como primer paso, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.[10] Como alternativa de cumplimiento, el Reglamento del PEJC viabiliza que los abogados puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello, es necesario presentar un escrito en el cual se expliquen las razones de la tardanza y se pague la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

En caso de que el abogado no cumpla con lo requerido, la Junta de Educación Jurídica Continua lo cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado no comparece a la celebración de la vista, el asunto es remitido a la consideración de este

---

[8] Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E R. 5. Véase además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D R.6.

[9] Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 28.

[10] Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 29.

[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 30.

[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 31 y 32.

Tribunal.[13] En el pasado hemos ejercido nuestra facultad disciplinaria para suspender del ejercicio de la profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véase, In re Del Campo Alomar, 188 DPR 587 (2013); In re Piñeiro Vega, 188 DPR 77 (2013); In re Grau Collazo, 185 DPR 938 (2012).

En este contexto, el Canon 9 de Ética Profesional exige que la conducta de los abogados hacia los tribunales se caracterice por el mayor respeto.[14] De este precepto emana la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, supra, en las págs. 943-944; In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

En infinidad de ocasiones hemos reiterado que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fiel Martínez, 180 DPR 426, 430 (2010). De igual forma, la actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, por

---

[13] Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 32.
[14] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9.

lo cual dicha conducta constituye una violación al Canon 9 de Ética Profesional. In re Guzmán Rodríguez, 187 DPR 826, 829 (2013); In re Fiel Martínez, supra, en las págs. 430-431.

A pesar de ser enfáticos con la norma antes señalada, en repetidas ocasiones nos hemos visto obligados a suspender abogados y abogadas por mostrar una actitud de indiferencia y dejadez con relación a nuestros requerimientos. In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

III.

Según mencionamos, el licenciado Cardona Veguet no cumplió con las horas crédito requeridas por el Reglamento del PEJC durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009. Surge del expediente que el licenciado Cardona Veguet no tomó ningún curso de educación jurídica continua en el referido periodo. Al licenciado Cardona Veguet se le concedió la oportunidad para cumplir con su obligación y tiempo en exceso razonable para ello: (1) el 3 de septiembre 2009 el PEJC le cursó un Aviso de Incumplimiento en el cual le concedió 60 días adicionales para cumplir con las horas crédito requeridas; (2) transcurridos casi 2 años, el 1 de septiembre de 2011 el PEJC lo citó para la celebración

de una vista informal el 30 de septiembre de 2011 a la cual no compareció; y (3) posteriormente, el 12 de marzo de 2014 el PEJC le envió al licenciado Cardona Veguet el Informe de la vista informal y le concedió 30 días adicionales para cumplir con los cursos jurídicos.

Ninguna de las tres comunicaciones arriba indicadas fueron contestadas por el licenciado Cardona Veguet. Ignoró las oportunidades que le fueron concedidas por el PEJC para evitar una medida disciplinaria en su contra.

Ante la falta de diligencia desplegada por el licenciado Cardona Veguet, la Directora del PEJC acudió ante nosotros y solicitó nuestro auxilio para que el licenciado Cardona Veguet atendiera los requerimientos y cumpliera con su obligación como miembro de la profesión de la abogacía. Este Tribunal emitió una Resolución el 20 de octubre de 2014, notificada al día siguiente, mediante la cual le otorgamos al licenciado Cardona Veguet 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Igualmente, el licenciado Cardona Veguet ignoró el reclamo de este Tribunal.

Todas las comunicaciones cursadas al licenciado Cardona Veguet fueron remitidas a la dirección de correo postal que surge del RUA y ninguna fue devuelta. No podemos tolerar que miembros de la profesión legal actúen con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. A

pesar de que le ordenamos al licenciado Cardona Veguet mostrar causa por la que no debía ser suspendido del ejercicio de la abogacía, éste hizo caso omiso a nuestro llamado, mostrando así menosprecio hacia nuestra autoridad.

Todo lo anterior nos obliga a decretar la suspensión inmediata e indefinida del licenciado Cardona Veguet del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *per curiam* y sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

José Francisco Cardona Veguet    TS-15,475

SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. José Francisco Cardona Veguet por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC y de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo