EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| | 2015 TSPR 31 |
| | 192 DPR ____ |
| Fernando M. Machado Echevarría | |

Número del Caso: AB-2013-373

Fecha: 10 de marzo de 2015

Materia: Conducta Profesional – La suspensión será efectiva el 19 de marzo de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fernando M. Machado Echevarría     AB-2013-0373


PER CURIAM


En San Juan, Puerto Rico, a 10 de marzo de 2015.

En innumerables ocasiones este Tribunal se ha visto obligado a suspender a miembros de la profesión togada por incumplir con las disposiciones de nuestro Reglamento referentes a los procedimientos disciplinarios, así como con órdenes emitidas por este foro. El presente caso es una de esas situaciones. Por los fundamentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Fernando M. Machado Echevarría de la práctica de la abogacía.

I

El Lcdo. Fernando M. Machado Echevarría ("licenciado Machado") fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y al ejercicio de la notaría el 16 de noviembre de 1994.[1] El 27 de agosto de 2013, el Sr. Israel Negrón Torres ("señor Negrón") presentó una queja ante nos contra el licenciado Machado. En su escrito expuso que contrató al licenciado Machado para que lo representara en una reclamación de daños y perjuicios, pero este incumplió con varios trámites y le causó daños ascendentes a $160,000.00.

El quejoso adujo, entre otras cosas, que el licenciado Machado había sometido la referida reclamación ante la consideración del Tribunal de Primera Instancia, pero que el tribunal la desestimó por los reiterados incumplimientos del licenciado con las órdenes del tribunal. Alegó que el licenciado no lo mantenía informado sobre los incidentes procesales y que tampoco le notificó sobre el resultado del caso. Surge del expediente que el foro de primera instancia no solo desestimó el caso sino que también le impuso al letrado una sanción económica. El licenciado Machado ni pagó la sanción ni atendió la orden del Tribunal.

Así las cosas, el señor Negrón instó una demanda contra el licenciado Machado en la que, luego de llegar a

---

[1] El licenciado Machado presentó su renuncia como notario ante este Tribunal el 8 de julio de 1997.

un acuerdo de transacción, el Tribunal de Primera Instancia dictó Sentencia por Estipulación entre las partes. En la referida estipulación el letrado se obligó a resarcir la cantidad de $75,000.00 mediante pagos parciales.

El 10 de octubre de 2013 la Subsecretaria de este Tribunal le notificó la queja al licenciado Machado mediante correo postal con acuse de recibo mediante la cual le concedimos al licenciado Machado un término de diez (10) días para contestar la queja presentada en su contra. No obstante, la misma fue devuelta por el correo postal por la razón: "unclaimed". El 5 de noviembre de 2013 se le envió una **segunda notificación** certificada con acuse de recibo por correo postal concediéndole un término de diez (10) días a partir de la notificación para comparecer con sus comentarios y reacciones por escrito en torno a la queja. El letrado no contestó la queja y tampoco compareció en el tiempo provisto.

Posteriormente, el 19 de marzo de 2014 emitimos una Resolución mediante la cual le concedimos al licenciado Machado un término **final** de cinco (5) días para que compareciera ante este Tribunal y contestara la queja presentada en su contra. En dicha Resolución se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. El Alguacil de este Tribunal

**notificó personalmente dicha resolución** al licenciado Machado Echevarría en unión a una copia de la queja presentada. Al día de hoy, el licenciado Machado aún no ha comparecido ni ha contestado la queja presentada en su contra.

II

Como es sabido, los Cánones del Código de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. In re Colón Hernández, 189 DPR 275, 283 (2013); In re Peña Santiago, 185 DPR 764, 778 (2012). Específicamente, el Canon 9 dispone que el abogado tiene el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto. 4 LPRA Ap. IX.

En innumerables ocasiones hemos señalado que el ejercicio de la profesión legal requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal. In re Ponce Ponce, 190 DPR 504, 508 (2014); In re Cuevas Borrero, 185 DPR 189, 196 (2012); In re Vellón Reyes, 181 DPR 927, 932 (2011).

Además, hemos resuelto que incumplir con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión jurídica. In re Aponte del Valle, 189 DPR 245, 249 (2013). En reiteradas

ocasiones, a pesar de que esta Curia ha advertido sobre este hecho, constantemente nos vemos precisados a dirimir situaciones en las que un gran número de abogados desatienden nuestras órdenes. In re Vega Pacheco, 188 DPR 731, 736 (2013), citando a In re Arroyo Rivera, 182 DPR 732, 736 (2011).

Así, la obligación de contestar con premura y diligencia cobran mayor importancia cuando las órdenes del Tribunal se relacionan con procedimientos de conducta profesional de los abogados. In re Marrero García, supra, pág. 581; In re Betancourt Medina, 183 DPR 821, 824 (2011). Es obligación ineludible de todo miembro de la profesión legal responder de forma diligente a los requerimientos del Tribunal, independientemente de los méritos de la queja presentada en su contra. In re Marrero García, supra, pág. 581.

Hemos enfatizado la importancia que reviste el que los abogados y abogadas de Puerto Rico cumplan con el procedimiento provisto para los procesos disciplinarios que se ventilen en su contra. In re Vega Pacheco, supra, pág. 736. Una queja o una querella es una alegación que señala que cierta conducta del abogado milita en contra de los postulados éticos que rigen esta profesión. Id., pág. 7. Independientemente de los méritos que tenga o no tenga esa alegación, todo abogado y abogada contra quien se presente una queja **tiene la obligación indefectible de**

**comparecer a contestar la misma**. Id. (Énfasis suplido).
Desatender ese trámite procesal revela un alto menosprecio
a la razón misma de la profesión de la abogacía y al
propio Tribunal Supremo, como ente regulador de la
profesión jurídica. Id.

### III

En el presente caso, el licenciado Machado ha
exhibido una actitud de desprecio e indiferencia hacia los
procesos disciplinarios y al desatender nuestras órdenes.
Tal dejadez equivale a una conducta de falta de respeto
ante el Tribunal. La actitud demostrada se agrava ante el
hecho de que el licenciado Machado no contestó la queja
después de haber recibido copia de nuestros dictámenes
**personalmente**.

La Regla 14 del Reglamento del Tribunal Supremo de
Puerto Rico establece claramente el procedimiento a seguir
cuando se presentan quejas y querellas contra abogados y
notarios. 4 LPRA Ap. XXI-B. Allí se establece que una vez
se presente ante el Tribunal una queja respecto al
comportamiento de un abogado, el Secretario o Secretaria
del Tribunal le enviará una copia al abogado, para que
dentro de diez (10) días presente su posición en cuanto a
la misma. En el presente caso, ha transcurrido un año
aproximadamente sin que el licenciado Machado haya
presentado la más mínima causa que justifique su
incomparecencia.

Reiteramos que este Tribunal no vacilará en suspender del ejercicio de la profesión a los togados que así actúen. In re Vega Pacheco, supra, pág. 737. Los abogados son el espejo donde se refleja la imagen de la profesión. Por esta razón, deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. In re García Vega, 189 DPR 741, 757 (2013).

IV

Por los fundamentos que anteceden, concluimos que el licenciado Machado Echevarría infringió el Canon 9 del Código de Ética Profesional, supra. En consecuencia, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía.

En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fernando M. Machado Echevarría      AB-2013-0373

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2015.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. Fernando M. Machado Echevarría por incumplir con el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX al no responder oportunamente a los requerimientos de este Foro.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo