EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Roberto O. Maldonado Nieves | 2015 TSPR 48 192 DPR ____ |
|---|---|

Número del Caso: AB-2013-51

Fecha: 23 de abril de 2015

Abogado de la Parte Querellada:

Por derecho propio

Oficina de la Procuradora General:

Lcda. Karla Pacheco Álvarez
Subprocuradora General

Materia: La suspensión será efectiva el 27 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | |
|---|---|
| Roberto O. Maldonado Nieves | AB-2013-51 |

*PER CURIAM*

San Juan, Puerto Rico, a 23 de abril de 2015

En esta ocasión, nuevamente estamos obligados a ordenar la suspensión de un miembro de la profesión legal de la práctica de la abogacía debido a un patrón de incumplimiento con lo ordenado por este Tribunal y desatención a los requerimientos que la Oficina de la Procuradora General le ha cursado como parte de un proceso disciplinario iniciado en su contra. De este modo, pues, reafirmamos que, independientemente de los méritos que refleje una queja presentada contra un letrado, el no responder oportunamente a las órdenes emitidas por este Tribunal o la Oficina de la Procuradora General –y, además, no proporcionar razones adecuadas por la cual se ha visto imposibilitado de cumplir con los términos concedidos–, expone al letrado a la imposición de sanciones de la más grave severidad, pues semejante conducta obstaculiza la función reguladora de este Tribunal. Por tal razón, ordenamos la suspensión inmediata e indefinida del Lcdo. Roberto O. Maldonado Nieves del ejercicio de la abogacía.

A continuación, reseñamos los antecedentes fácticos y procesales que nos llevan a este dictamen.

## I

El Lcdo. Roberto O. Maldonado Nieves fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y al de la notaría el 29 de febrero de 1988.

El presente caso comenzó con la presentación, el 15 de enero de 2013, de una queja contra el licenciado Roberto O. Maldonado Nieves (licenciado Maldonado Nieves o el querellado) por parte de la señora Brenda Maldonado Espada (señora Maldonado Espada o la quejosa). Debido a que las alegaciones contenidas en dicha queja no constituyen el fundamento del dictamen que hoy emitimos, prescindimos de un recuento exhaustivo de ellas.

En apretada síntesis, en la queja la señora Maldonado Espada relata que forma parte de la sucesión del Sr. Julio Maldonado Falcón que, a su vez, cuenta con el Sr. Paulino Maldonado Falcón, hermano del causante, como albacea nombrado mediante testamento (señor Maldonado Falcón o el albacea). Con el propósito de gestionar los trámites relacionados con los bienes que componen el caudal relicto, la señora Maldonado Espada y los otros herederos contrataron los servicios del Lcdo. Pedro J. Rodríguez Samalot. Por su parte, el señor Maldonado Falcón contrató al querellado para que éste le asistiera en su labor como albacea de la sucesión, ya que él no reside en Puerto Rico. En lo sustantivo, las alegaciones incluidas en la queja presentada por la señora Maldonado Espada contra el

licenciado Maldonado Nieves pueden caracterizarse como de dos tipos. Por un lado, la queja le imputa al querellado el desempeñar sus obligaciones profesionales de manera negligente. Ello por, entre otras cosas, no contestar durante el transcurso de más de un año sendas comunicaciones suscritas a él por el licenciado Rodríguez Samalot exigiendo información relacionada a la labor del albacea y el estado de las obligaciones legales de éste con la sucesión y por negarse a acceder a la celebración de una reunión entre las partes. Por otro lado, la queja le imputa al licenciado Maldonado Nieves el haber tomado varias acciones y determinaciones en contravención a sus responsabilidades y en perjuicio de los intereses de la sucesión como también el haber fungido como albacea *de facto*, en violación a las disposiciones aplicables del Código Civil de Puerto Rico. Por todo lo anterior, la quejosa solicitó que le ordenáramos al querellado a comunicarse con la representación legal de los herederos, proporcionara toda la información previamente requerida de él e informara si había devengado honorarios con cargo al caudal relicto para que, de ser así, procediera a devolverlos.

Así las cosas, el 28 de febrero de 2013, la Honorable Secretaria de este Tribunal cursó comunicación al licenciado Maldonado Nieves concediéndole diez (10) días a partir del recibo de la misma para contestar las alegaciones hechas en su contra. El 10 de marzo de 2013, el querellado compareció y solicitó una extensión para

presentar su contestación. En esta primera ocasión, el letrado señaló que, debido a que varios de sus familiares enfrentaban enfermedades serias, había tenido que asumir obligaciones adicionales a su labor regular que le habían impedido responder a la queja. Así las cosas, el 26 de enero de 2013 se le concedió un término adicional de veinte (20) días para que atendiera la queja en su contra. El 7 de mayo de 2013, vencido el término, compareció el licenciado Maldonado Nieves y solicitó hasta el 28 de ese mes para presentar su contestación invocando los mismos fundamentos que la vez anterior. Luego de que el 14 de mayo de 2013 la Subsecretaria de este Tribunal le concediera un nuevo término de diez (10) días, el 13 de junio de 2013 el querellado presentó una tercera solicitud de prórroga. Esta vez, señaló que recientemente había sido víctima del escalamiento de su hogar y que, durante la comisión del alegado acto delictivo, le hurtaron tres computadoras, entre ellas aquella en la que estaba trabajando la contestación a la queja. Sin embargo, como parte de su solicitud el licenciado Maldonado Nieves no acompañó, como tampoco había hecho en sus comparecencias anteriores, documentación fehaciente acreditando que las razones invocadas le imposibilitaron cumplir cabalmente con su deber de contestar la queja correspondiente.

Referido el asunto a nuestra atención, el 24 de junio de 2013 emitimos una Resolución concediéndole al licenciado Maldonado Nieves un término **final** de cinco (5) días, contados a partir de su notificación, para que compareciera

y contestara la queja presentada en su contra. En la Resolución, le apercibimos, además, que un nuevo incumplimiento podría conllevar la imposición de sanciones disciplinarias severas, incluyendo su suspensión inmediata del ejercicio de la profesión.

Según surge del expediente, el querellado finalmente contestó la queja presentada en su contra mediante escrito con fecha de 18 de junio de 2013, notificado el 20 de junio de 2013 vía fax y por correo el 24 de junio de 2013. En lo pertinente, el licenciado Maldonado Nieves señaló que entre él y la quejosa o los demás herederos de la sucesión no existe y nunca ha existido una relación de abogado-cliente e hizo hincapié en que su labor en el asunto se ha limitado a orientar al albacea y realizar las diligencias solicitadas por éste. Negó, además, toda alegación hecha en su contra en cuanto a conducta impropia y/o ilegal. No obstante, el querellado reconoció no haber respondido a las múltiples misivas que tanto el licenciado Rodríguez Samalot como los herederos le habían cursado. Por tanto, el licenciado Maldonado Nieves se comprometió a que dentro de los siguientes cuarenta y cinco (45) días llevaría a cabo las gestiones necesarias para que el albacea culminara su labor, remitiría la relación de las labores realizadas tanto por él como el albacea a los herederos y procedería a notificar a este Tribunal al respecto.

Referida la queja y la contestación del querellado a la Oficina de la Procuradora General, conforme lo dispone la Regla 14(d) del Reglamento de este Tribunal, 4 L.P.R.A.

Ap. XXI-B, la Oficina le cursó a las partes requerimientos de documentos e información. Ello, como parte del proceso investigativo que, en virtud del esquema establecido por el precitado Reglamento, le encomendamos realizar en aras de que nos proporcionara las recomendaciones que estimara pertinentes y nos colocara en posición para tomar una determinación informada de la queja ante nuestra consideración. Posteriormente, la Oficina de la Procuradora General solicitó, y mediante Resolución el 31 de enero de 2014 este Tribunal le concedió, una prórroga de treinta (30) días para presentar el correspondiente Informe. Todo ello, cabe señalar, animado por el interés de proveerle a las partes implicadas tiempo adicional para comparecer y presentar aquella documentación que consideraren pertinente para así asegurar una investigación adecuada y responsable sobre el asunto referido a su evaluación. Sin embargo, el licenciado Maldonado Nieves nunca atendió el requerimiento que la Oficina le cursó.[1] Por consiguiente, al momento de formular su Informe, la Oficina de la Procuradora General solamente contó con la comparecencia de la señora Maldonado Espada, quien sí proveyó documentación dirigida a sustentar sus alegaciones.

Examinado el Informe de la Procuradora General, el 25 de marzo de 2014, le concedimos al licenciado Maldonado Nieves un término de veinte (20) días a partir de la notificación de la correspondiente Resolución, para

---

[1] La Oficina de la Procuradora General le cursó el requerimiento mediante correo regular y certificado el 15 de noviembre de 2013, y se lo reenvió el 25 de noviembre de 2013.

expresarse sobre el mismo o se entendería que se allanaba a sus recomendaciones. El querellado compareció el 22 de abril de 2014, ocho (8) días luego de vencido el término, para solicitar una prórroga. Adujo estar enfrentando complicaciones de salud que provocaron que se atrasara en su trabajo. Sin embargo, una vez más omitió presentar documentación fehaciente acreditando las razones que invocaba para justificar tanto su desatención al término provisto como su solicitud de una nueva prórroga. No obstante, el 11 de septiembre de 2014, fue nuevamente agraciado con un término **final** de diez (10) días para cumplir con la Resolución del 25 de marzo de 2014. El licenciado Maldonado Nieves compareció por última vez el 23 de septiembre de 2014, no para cumplir con lo ordenado por este Tribunal el 25 de marzo de 2014, sino para nuevamente solicitar un término adicional. Al día de hoy -en exceso siete (7) meses de vencido el segundo término concedido para cumplir con esta Resolución- el licenciado Maldonado Nieves no ha vuelto a comparecer. Tampoco ha informado si ha cumplido con las labores que en su escrito del 18 de junio de 2013 se comprometió a realizar dentro los cuarenta y cinco (45) días siguientes a su presentación.[2]

Resumidos los antecedentes fácticos y procesales, y contando con el beneficio de la comparecencia de la Oficina del Procurador General, procedemos a enunciar los

---

[2] Según se desprende del expediente, de acuerdo a la última comunicación recibida de la quejosa el 29 de enero de 2015, el licenciado Maldonado Nieves aún no ha cumplido con lo que se obligó el 18 de junio de 2013.

fundamentos que atienden la conducta del querellado y la procedente sanción.

## II

Este Tribunal tiene el deber ineludible de asegurar que todos los profesionales admitidos al ejercicio de la abogacía dentro de nuestra jurisdicción cumplan sus funciones de forma responsable, competente y con la mayor diligencia para con los tribunales y sus compañeros. *In re Del Castillo del Valle*, 2014 TSPR 126, 191 D.P.R. ___ (2014). Conforme a esta obligación reguladora, el Código de Ética Profesional, 4 L.P.R.A. Ap. IX, pauta las normas mínimas que deben guiar a todos los abogados y abogadas sujetos a nuestra jurisdicción disciplinaria. Como parte de la obligación de todo abogado y abogada de propiciar un orden jurídico eficaz, el Canon 9 del Código de Ética Profesional, *supra*, le impone a todo abogado el deber de "observar con los tribunales una conducta que se caracterice por el mayor respeto".

Sabido es que incumplir los deberes que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias. *In re Thomas J. Bryan Picó*, 2015 TSPR 10 192 D.P.R. ___ (2015). Reiteradamente, hemos expresado que tal incumplimiento adquiere mayor trascendencia cuando esas faltas se cometen durante la tramitación de un proceso disciplinario iniciado contra un miembro de la profesión. *In re Irizarry Irizarry*, 190 D.P.R. 368, 374 (2014); *In re Buono Colón*, 187 DPR 379, 382 (2012). Consecuentemente, hemos sido enfáticos al señalar que el deber de atender de

manera diligente y escrupulosa toda orden emitida por este Tribunal es aún más patente durante los procesos disciplinarios, por lo que su incumplimiento puede acarrear la imposición de sanciones severas, incluyendo la suspensión inmediata de la profesión. *In re Thomas J. Bryan Picó*; *In re Montes Díaz*, 184 D.P.R. 90, 93-94 (2011); *In re Toro Soto*, 181 DPR 654, 660 (2011). Como expresamos en *In re Ortiz Alvarez*, 163 D.P.R. 245, 248 (2004), "la naturaleza pública de la profesión de abogado impone a la clase togada la más estricta observancia a los requerimientos relacionados con las investigaciones sobre asuntos disciplinarios".

Indudablemente, este Tribunal no puede tomar livianamente la asunción de parte de un abogado de una actitud de indiferencia y menosprecio ante su autoridad. *In re Jorge A. Vera Velez*, 2015 TSPR 7, 192 D.P.R. ___ (2015). Lo mismo debe decirse con respecto a la autoridad ejercida por aquellas entidades públicas llamadas a intervenir en la consecución de un proceso disciplinario contra un letrado, como es el caso de la Oficina de la Procuradora por virtud del Artículo 14 del Reglamento de este Tribunal, *supra*. *In re Frederic Chardón Dubós*, 2014 TSPR 84 191 D.P.R. ___ (2014); *In re Ponce Ponce*, 190 D.P.R. 504, 509 (2014); *In re Miranda Gutiérrez*, 288 D.P.R. 745, 747 (2013). Ello, debido a que la desatención a sus requerimientos "tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida por nosotros". *In re Ponce*

*Ponce,* 190 D.P.R. en la pág. 509*; In re Ortiz Álvarez*, 163 en la pág. 249. Por tal razón, en *In re Lopez Bocanegra*, 183 D.P.R. 224, 226 (2011), advertimos que "el incumplimiento con los requerimientos de la Oficina de la Procuradora General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal".

A la vez, también hemos sostenido que constituye una falta de respeto hacia los procedimientos ante este Tribunal el que un abogado o abogada incurra en una indebida, irrazonable e inexcusable tardanza al formular su contestación a una queja presentada en su contra. *In re Irizarry Irizarry*, 190 D.P.R. en la pág. 376; *In re García Ortiz* 187 D.P.R. 507, 517 (2012); *In re Vargas Soto*, 146 D.P.R. 55 (1998). Independientemente de los méritos que demuestre una queja presentada en contra de un abogado o abogada, o cuán adecuado el procedimiento disciplinario sea para atender los reclamos particulares del quejoso, todo letrado tiene la obligación de responder prontamente a nuestros requerimientos. *In re Delfín Sosa Suarez*, 2014 TSPR 90 191 D.P.R. ___ (2014); *In re Torres Trinidad*, 183 D.P.R. 371, 374 (2011). Por consiguiente, el incumplimiento con este deber será evaluado de manera separada e independiente de la causa que en primera instancia motivó el inicio de una investigación disciplinaria.

Por último, debemos enfatizar que toda vez que un letrado esté sujeto al cumplimiento de una orden emitida

directa o indirectamente por este Tribunal, éste está obligado a cumplir con la misma dentro del término que se le ha concedido o, de lo contrario, comparecer como regla general previo al vencimiento del término para proveer una razón adecuada por la cual se ha visto imposibilitado de cumplir con su deber de atender cabal y oportunamente la orden en cuestión.  En el segundo supuesto, el abogado o abogada no solamente tiene la obligación de proporcionar una explicación detallada de la razón que, a su entender, amerita que se le extienda una prórroga, sino que además debe, cuando así proceda, acompañar su comparecencia con documentación fehaciente que acredite la existencia de la razón o razones que invoca.

## III

En el presente caso, los hechos demuestran que el licenciado Maldonado Nieves ha incurrido en un patrón extendido de incumplimiento y desatención a las ordenes emitidas por este Tribunal y por la Oficina de la Procuradora General como parte de un proceso disciplinario iniciado en su contra mediante le presentación de una queja por su conducta profesional.

En primer lugar, desde la presentación de la queja por parte de la señora Maldonado Espada el 15 de enero de 2013, hasta el momento en que el letrado contestó la misma mediante escrito con fecha de 18 de junio de 2013, transcurrieron aproximadamente cinco (5) meses. Durante ese período, el incumplimiento por parte del querellado con los tres (3) términos que se le extendieron, llevó a que

este Tribunal tuviese que emitir una Resolución apercibiéndole de que un incumplimiento adicional lo expondría a la imposición de sanciones disciplinarias severas. Tal inobservancia por parte del licenciado Maldonado Nieves no solamente refleja su incumplimiento con el deber de atender de manera diligente y escrupulosa toda orden emitida por este Tribunal, sino que además constituye una indebida, irrazonable e inexcusable tardanza con su obligación de contestar toda queja presentada en su contra. Ello, como ya se ha señalado, es contrario a la conducta respetuosa para con los tribunales que el Código de Ética Profesional le exige a todo abogado y abogada, particularmente cuando se trata de un proceso disciplinario.

Por otro lado, la actitud de absoluta desatención asumida por el licenciado Maldonado Nieves ante los requerimientos de documentos e información que la Oficina de la Procuradora General le cursó como parte de su función dentro del esquema disciplinario que dispone el Reglamento de este Tribunal, *supra*, constituye, de por sí, una violación al Canon 9 del Código de Ética Profesional, *supra*. Ello debido a que, como ya mencionáramos, tal incumplimiento, "tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden emitida [por este Tribunal]". *In re Ponce Ponce*, 190 D.P.R. en la pág. 509.

Es menester señalar que la conducta en contravención a las normas mínimas que impone el Código de Ética

Profesional, *supra,* del licenciado Maldonado Nieves es agravada por el hecho de que, luego de haber solicitado y obtenido una prórroga más para responder al Informe presentado por la Oficina de la Procuradora General, no ha vuelto a comparecer para atender de manera responsable el proceso disciplinario que se inició en su contra. Este Tribunal no puede sino castigar severamente la asunción de una conducta de desidia de tal magnitud.

Por último, no debemos culminar sin antes enfatizar lo siguiente. Podemos especular sobre las motivaciones y situaciones que llevan a un letrado a no contestar oportunamente una queja disciplinaria presentada en su contra y/o no atender los requerimientos dirigidos a él o ella durante la tramitación de un proceso disciplinario. Entre ellas, quizás algunos estarían inclinados a incluir el considerar que la queja carece de mérito alguno o, incluso, que la presentación de una queja no es el vehículo adecuado mediante el cual el quejoso debe ventilar los reclamos que plantea. Aprovechamos, pues, esta ocasión para dejar meridianamente claro que sin una adecuada y fundamentada comparecencia éstas no proveerán justificación alguna que lo exima de cumplir o atender oportunamente las órdenes que, directa o indirectamente, emita este Tribunal. Independiente de los méritos que a primera o segunda vista refleje una queja, o lo adecuado que sea el mecanismo disciplinario para la tramitación del asunto particular, todo abogado y abogada tiene la obligación ineludible de

cooperar con un proceso disciplinario iniciado en su contra, o se expone a sanciones de naturaleza independiente a la queja presentada. Y es que tiene que ser así. De lo contrario, el trámite y, a su vez, la evaluación de una queja quedarían al arbitrio del querellado, en vez de -y como solamente puede ser- sujetos a la autoridad ejercida por este Tribunal.

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del licenciado Maldonado Nieves del ejercicio de la abogacía. Se ordena, además, al Alguacil incautar su obra notarial, incluyendo su sello notarial, y entregarla al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. En caso de que el licenciado Maldonado Nieves esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Roberto O. Maldonado Nieves

AB-2013-51

SENTENCIA

San Juan, Puerto Rico, a 23 de abril de 2015

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del licenciado Maldonado Nieves del ejercicio de la abogacía. Se ordena, además, al Alguacil incautar su obra notarial, incluyendo su sello notarial, y entregarla al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

En caso de que el licenciado Maldonado Nieves esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente.

Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón no interviene.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo