EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2015 TSPR 79     |
|                           |                  |
| Arturo Luis Dávila Toro   | 193 DPR ____     |

Número del Caso: AB-2008-106

Fecha: 5 de junio de 2015

Materia: Conducta Profesional- La suspensión del abogado será efectiva el 15 de junio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | Conducta Profesional |
|---|---|---|
| **ARTURO LUIS DÁVILA TORO** | Núm.: <u>AB-2008-106</u> | |

*PER CURIAM*

En San Juan, Puerto Rico, a 5 de junio de 2015.

Al ingresar en la noble profesión de la abogacía nos comprometemos a cumplir cabalmente con los cánones que establecen las normas mínimas de conducta que han de regir el desempeño de nuestra labor. <u>In re Reyes Coreano</u>, 190 DPR 739 (2014). No obstante, lamentablemente hemos tenido que ser testigos de innumerables escenarios en los que algunos miembros de la profesión se han apartado de dichas directrices. El caso ante nos es uno de ellos. Luego de analizar los incidentes fácticos que acompañan la presente Opinión, nos vemos obligados a suspender inmediata e indefinidamente a otro abogado por ignorar los requerimientos de este Foro.

# I

El Lcdo. Arturo Luis Dávila Toro (licenciado Dávila Toro) fue admitido al ejercicio de la abogacía el 13 de agosto de 1986.  El 29 de abril de 2008 el Sr. Luis E. Navarro Torres y la Sra. Brenda Cotto Rosado presentaron una queja en su contra por la conducta desplegada por éste en un caso de cobro de dinero y ejecución de hipoteca en el que los representó (**AB-2008-106**).  El 23 de mayo de 2008 la Secretaria de este Tribunal le envió una notificación al letrado informándole sobre la queja presentada y concediéndole un término de 10 días para contestar la misma.[1]  Por no haber recibido contestación alguna de parte del togado, el 20 de agosto de 2008 le envió un segundo comunicado otorgándole un término adicional de 10 días.  No obstante, el licenciado tampoco compareció, por lo que mediante Resolución de 18 de septiembre de 2008 le concedimos un **término final** de 10 días para contestar la queja.[2]  El licenciado Dávila Toro finalmente presentó su contestación a la queja el 9 de febrero de 2009.

Así las cosas, el 12 de mayo de 2009 le referimos a la Procuradora General el expediente de la queja de referencia para que realizara la investigación pertinente

---

[1]    Al Lcdo. Arturo Luis Dávila Toro (licenciado Dávila Toro) se le entregó personalmente dicha misiva el 25 de junio de 2008.

[2]    Del expediente surge que el 1 de diciembre de 2008 se le notificó personalmente la misma.

y sometiera el correspondiente informe a tenor con la Regla 14 (d) de nuestro Reglamento.[3] De conformidad con lo anterior, el 29 de junio de 2010 la Procuradora General sometió el mismo.

Mientras se desarrollaban los anteriores acontecimientos, el 30 de agosto de 2010 suspendimos al licenciado Dávila Toro del ejercicio de la abogacía por el término de tres meses por reiterados incumplimientos con las órdenes del Tribunal de Apelaciones durante el trámite del caso Pueblo v. David Santiago Ortiz, KLAN200501159 (**Canon 9 del Código de Ética Profesional**) y por presentar el recurso de apelación transcurrido el término jurisdiccional para ello lo que provocó su desestimación (**Canon 18 del Código de Ética Profesional**).[4] Véase In re Dávila Toro, 179 DPR 833 (2010).

Cumplido en exceso el término impuesto como sanción, el 21 de febrero de 2012 el licenciado Dávila Toro solicitó reinstalación. Atendida su solicitud, el 29 de febrero de 2012 emitimos Resolución denegando la misma y, entre otros asuntos, ordenamos al Procurador General proseguir con el trámite del caso **AB-2008-106,** antes reseñado. El Procurador General indicó que dicho caso había sido archivado administrativamente por motivo de la suspensión antes indicada, pero que el correspondiente

---

[3]    4 LPRA Ap. XXI-B, R. 14 (d) (Supl. 2014).

[4]    Incumplió, además, con una sanción impuesta por dicho foro por la conducta exhibida.

Informe había sido presentado desde el 29 de junio de 2010.[5] Por dicha razón, el 25 de mayo de 2012 ordenamos al licenciado Dávila Toro contestar el Informe en el término de 30 días.

El 13 de julio de 2012 el licenciado Dávila Toro presentó una *Segunda Solicitud de Reinstalación al Ejercicio de la Abogacía* en la que reafirmó su interés de reintegrarse a la práctica de la profesión. Arguyó que, además de haber cumplido con el término de suspensión y haber pagado las sanciones impuestas, conforme a la jurisprudencia de este Foro debía ser reinstalado al ejercicio de la abogacía para poder responder los asuntos disciplinarios que tenía pendientes. Solicitó, además, los documentos de la Queja **AB-2008-106,** el Informe sometido por el Procurador General y un término de 60 días para formular su contestación.

Examinados los planteamientos expuestos en su segunda solicitud de reinstalación, el 21 de diciembre de 2012, reinstalamos al licenciado Dávila Toro al ejercicio de la abogacía. En la Resolución se le instó, además, a acudir a la Oficina del Procurador General para obtener la información relativa a la Queja **AB-2008-106** y se le concedieron 30 días para contestar el Informe, según intimado anteriormente. Sin embargo, el 28 de enero de 2013 el letrado solicitó una extensión del periodo

---

**5**    La Queja **AB-2008-106** se archivó administrativamente mediante Resolución emitida el 30 de septiembre de 2010.

concedido para responder. De conformidad con lo solicitado, el 22 de febrero de 2013 le concedimos 10 días adicionales.

En consideración a que el licenciado Dávila Toro no presentó su contestación en el tiempo concedido, el 12 de septiembre de 2013 la Procuradora General compareció ante nos solicitando que se continuara con el trámite de rigor. En una nota al calce de la moción nos informó, además, que éste no había acudido a su oficina a obtener la información relacionada con la queja, según se le había instruido. Atendida la moción, el 28 de febrero de 2014 se le concedió al letrado un **término final de 15 días** para contestar el Informe. Se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo su suspensión del ejercicio de la profesión.[6]

A pesar de nuestro apercibimiento, el licenciado Dávila Toro no compareció en el tiempo otorgado, razón por la cual el 23 de abril de 2014 la Procuradora General nos sometió una *Moción Informativa en Solicitud de Determinación* para que tomáramos conocimiento de la incomparecencia del letrado y emitiéramos la determinación u orden que estimáramos procedente. Cónsono con lo anterior y en consideración a que **ha transcurrido en exceso de un año desde el <u>último término</u> concedido** sin que hayamos recibido noticias del licenciado Dávila Toro,

---

[6]     La Resolución de 28 de febrero de 2014 le fue notificada personalmente al licenciado Dávila Toro el 18 de marzo de 2014.

pasamos a disponer del asunto de las incomparecencias conforme lo dispone nuestro ordenamiento jurídico.

## II

El ejercicio de la profesión legal requiere del abogado una atención puntual y una cabal obediencia a las órdenes de este Tribunal. In re Machado Echevarría, 2015 TSPR 31, 192 DPR ____ (2015). Dicho deber emerge de los preceptos comprendidos en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9 (2012) (Canon 9). In re Cardona Veguet, 2015 TSPR 47, 192 DPR ____ (2015). El Canon 9 dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon. In re Cardona Veguet, supra.

A base de ello, consistentemente hemos insistido en la obligación de todo abogado de responder diligente y oportunamente a las órdenes de este Tribunal, con particular atención a aquellos requerimientos emitidos dentro de un procedimiento disciplinario en el que se cuestione su conducta. In re Rivera Sepúlveda, 2015 TSPR 55, 192 DPR ___ (2015); In re Pestaña Segovia, 2015 TSPR 53, 192 DPR ____ (2015); In re Irizarry Irizarry, 190 DPR 368 (2014). Además, según hemos expresado, dicho deber es completamente independiente de los méritos que finalmente

pueda tener la queja presentada. <u>In re Pestaña Segovia</u>, *supra*.

Por lo tanto, la desatención y la indiferencia a nuestras órdenes, y más aún cuando las mismas van acompañadas del apercibimiento de sanciones disciplinarias, constituyen causa suficiente para la suspensión inmediata del ejercicio de la profesión. <u>In re Irizarry Irizarry</u>, *supra*. Este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad. <u>In re Maldonado Nieves</u>, 2015 TSPR 48, 192 DPR ___ (2015). Dicha conducta constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica. <u>In re Vera Vélez</u>, 2015 TSPR 7, 192 DPR ___ (2015).

**III**

A lo largo de todo el proceso disciplinario atinente a la queja **AB-2008-106** se le concedieron al licenciado Dávila Toro múltiples oportunidades para contestar nuestros requerimientos. Sin embargo, éste asumió una actitud predominantemente indiferente. En particular, desde mayo del 2012 se le cursaron varios avisos ordenándole responder el Informe sometido por el Procurador General, a los que hizo caso omiso. En diciembre de 2012 lo reinstalamos como abogado, según solicitado, con el propósito de que contestara los asuntos disciplinarios que tenía pendientes, pero dicho hecho no

varió su actitud de indolencia y dejadez. Peor aún, a pesar de que en febrero de 2014 se le concedió un **término final de 15 días** y se le apercibió que su incomparecencia podría conllevar la imposición de sanciones disciplinarias, éste tampoco cumplió con lo ordenado.

Adicional a lo anterior, debemos tener en cuenta que la última suspensión del licenciado Dávila Toro se debió precisamente a que no contestó los requerimientos del Tribunal de Apelaciones cuando se le ordenó.[7] Con la conducta antes reseñada, sin lugar a dudas, el licenciado Dávila Toro se apartó de los deberes impuestos por el Canon 9.

## IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. Arturo Luis Dávila Toro del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta

---

[7] Tal y como reseñamos en las incidencias procesales de la Opinión Per Curiam anterior, In re Dávila Toro, 179 DPR 833 (2010), en aquel momento el licenciado Dávila Toro también hizo caso omiso a varias Resoluciones emitidas por este Tribunal durante el procedimiento disciplinario.

(30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Arturo Luis Dávila Toro por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re: | | *Conducta Profesional* |
| **ARTURO LUIS DÁVILA TORO** | Núm. <u>**AB-2008-106**</u> | |

**SENTENCIA**

En San Juan, Puerto Rico, 5 de junio de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Arturo Luis Dávila Toro del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Arturo Luis Dávila Toro por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo