EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Gilberto Rodríguez Zayas | 2015 TSPR 175<br><br>194 DPR ____ |

Número del Caso: TS-7,583

Fecha: 11 de diciembre de 2015

Oficina de Inspección de Notarías

      Lcdo. Manuel Ávila de Jesús
      Director

Materia: La suspensión será efectiva el 14 de enero de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gilberto Rodríguez Zayas        TS-7583        Conducta
                                               Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de diciembre de 2015.

La normativa ética exige a cada miembro de la profesión jurídica desplegar sus funciones con la debida competencia, diligencia y responsabilidad. In re Rivera Sepúlveda, 2015 TSPR 55, 192 DPR ___ (2015); In re Martínez Romero, 2015 TSPR 49, 192 DPR ___ (2015); In re González Dávila, 2015 TSPR 42, 192 DPR ___ (2015). Como integrantes del sistema judicial tienen, además, el deber de demostrar respeto y deferencia hacia los tribunales. Lamentablemente este Foro, en su rol de regular la profesión, se ha visto obligado a intervenir con la persistente resistencia de algunos togados a acatar nuestras órdenes.

Este caso reseña la conducta de un abogado que, pese a las múltiples oportunidades concedidas, ha hecho caso omiso, tanto a los señalamientos de la Oficina de Inspección de Notarías (ODIN) por deficiencias en su obra notarial, como a nuestros requerimientos. El desafío a la autoridad de este Tribunal constituye una patente infracción al Código de Ética Profesional, 4 LPRA Ap. IX (2012), que justifica nuestra intervención y el curso de acción disciplinaria que prescribimos a continuación.

**I**

El **28 de febrero de 2014** suspendimos al Lcdo. Gilberto Rodríguez Zayas (licenciado Rodríguez Zayas),[1] inmediata e indefinidamente del ejercicio de la abogacía y la notaría, por incumplir con los requerimientos de este Tribunal, a tenor con el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9 (2012) (Canon 9). In re Rodríguez Zayas (I), 190 DPR 436 (2014). En aquel entonces, separamos al letrado de la profesión legal por desacatar la Resolución del **25 de enero de 2013**, la cual le impuso devolver al Sr. Luis Mercado Figueroa, quejoso, la suma de $200.00.[2] Íd. Al mismo tiempo, y como parte de la sanción

---

[1] El Lcdo. Gilberto Rodríguez Zayas (licenciado Rodríguez Zayas) fue admitido al ejercicio de la abogacía el **30 de noviembre de 1982** y al notariado el **7 de febrero de 1983**.

[2] Para más detalles sobre la disposición de este caso, véase In re Rodríguez Zayas (I), 190 DPR 436 (2014).

disciplinaria, se incautó su obra notarial para la inspección de rigor.**3** Íd.

Más adelante, el abogado solicitó la reconsideración de su suspensión. Acreditado su incumplimiento como descuido involuntario por problemas de salud y habiendo acatado nuestra Resolución del **25 de enero de 2013,4** el **7 de abril de 2014** decretamos su reinstalación, tanto a la práctica de la **abogacía como al notariado.** In re Rodríguez Zayas (II), 190 DPR 796 (2014).

Así las cosas, el **16 de junio de 2014** el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, sometió ante este Tribunal un *Informe sobre el Estado de la Obra Notarial Incautada* (Informe). Mediante el mismo detalló las deficiencias en la obra protocolar del licenciado Rodríguez Zayas, entre las que destacó varios tomos sin encuadernar, protocolos extraviados y una deficiencia sustancial en sellos.**5** Por consiguiente, el **6 de febrero de 2015** le ordenamos al letrado corregir, en un término de treinta (30) días, las faltas notariales señaladas en el aludido Informe e indicar si su incumplimiento había ocasionado

---

**3** Conforme nuestro mandato, el Alguacil de este Tribunal también incautó su sello notarial. Actualmente, la obra notarial en cuestión está depositada en el Archivo Notarial del Distrito de Ponce.

**4** El licenciado Rodríguez Zayas presentó evidencia suficiente para demostrar su serio estado de salud.

**5** Según consta en el referido Informe, la Oficina de Inspección de Notarías (ODIN) no pudo presentarlo previo a la reinstalación del abogado al ejercicio de la notaría.

Es importante destacar que anteriormente la obra del licenciado Rodríguez Zayas no pudo ser aprobada. Véase, *Informe sobre el Estado de la Obra Notarial* sometido el **25 de octubre de 2010** por la ODIN. Desde entonces, constaban los protocolos extraviados del 1999-2000, la falta de encuadernación de una serie de instrumentos públicos, una deficiencia en sellos de $3,353.50, entre otros defectos. Tomamos conocimiento de dicho escrito el **18 de noviembre de 2010**.

daño a alguna persona o si había sido objeto de pleito y/o controversia.[6] Finalmente, le apercibimos que desatender nuestra Resolución podría acarrear sanciones disciplinarias adicionales, tales como la separación del ejercicio de la abogacía y de la notaría.

Aun cuando le fuera concedida una prórroga para que pudiese dar fiel observancia a nuestra Resolución de **6 de febrero de 2015**, el licenciado Rodríguez Zayas no cumplió con nuestro dictamen, por lo que **el pasado 19 de junio de 2015 decretamos su separación inmediata e indefinida del ejercicio de la notaría**.[7] Asimismo, le otorgamos un plazo de veinte (20) días para que mostrara causa por la cual no debía ser separado de la abogacía. Por último, referimos el asunto de la insuficiencia arancelaria a la atención del Secretario de Justicia para la acción correspondiente.[8]

---

[6] Específicamente, en su última comparecencia ante este Tribunal, la ODIN identificó una deficiencia arancelaria de **$3,470.00** en la obra notarial del abogado.

[7] Antes de vencer el término conferido, el **11 de marzo de 2015** el licenciado Rodríguez Zayas compareció ante este Tribunal presentando una *Moción de Prórroga*. En esencia, expresó padecer de ciertas condiciones crónicas de salud que limitan su desempeño profesional. Indicó, además, que sus faltas no habían provocado daños a terceros ni habían generado pleito alguno. Evaluado este escrito, el **14 de abril de 2015** le concedimos al letrado un plazo adicional de cuarenta y cinco (45) días para que cumpliera con la Resolución del **6 de febrero de 2015**. Dicho término venció el **4 de junio de 2015** sin que el letrado hubiese atendido nuestro requerimiento. Para el **7 de abril** y **4 de junio de 2015**, respectivamente, la ODIN sometió escritos suplementarios, informándonos sobre el reiterado incumplimiento del abogado.

No fue sino hasta el **15 de junio de 2015**, que el licenciado Rodríguez Zayas presentó otra solicitud de prórroga, esta vez indefinida. En síntesis, volvió a explicar las condiciones de salud y económicas que, presuntamente, le han impedido acatar los requerimientos de este Foro. En reacción a su solicitud y en consideración a la conducta del letrado, el **9 de julio de 2015** la ODIN compareció para recomendar su separación indefinida del ejercicio de la notaría.

[8] En esta ocasión, también le ordenamos al Alguacil de este Tribunal incautar tanto el sello como la obra notarial del abogado. No obstante, del Certificado de Diligenciamiento consta que para el **2 de julio de 2015**, ambos permanecían en el Archivo Notarial del Distrito de Ponce.

Tras evaluar el escrito de reconsideración sometido por el licenciado Rodríguez Zayas, el **10 de agosto de 2015** le otorgamos un **término final e improrrogable de sesenta (60) días** para que, a sus expensas, subsanara los defectos sustantivos y arancelarios en su obra notarial, según especificados por la ODIN el **16 de junio de 2014.**[9] Del mismo modo, le advertimos que incumplir con lo ordenado conllevaría la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la abogacía.

Con fecha del **7 de octubre del presente año**, el letrado presentó un escrito titulado *Moción Solicitando Remedio*. Mediante la escueta petición de página y media, reprodujo las circunstancias de naturaleza económica y de salud que, según adujo, le continúan impidiendo generar los ingresos necesarios para cumplir con lo ordenado por este Tribunal. En consecuencia, volvió a solicitar un término adicional, sin precisar un periodo de tiempo específico. Vale destacar que el licenciado Rodríguez Zayas no incluyó documento acreditativo alguno en apoyo a sus contenciones.

## II

Como funcionarios de este Tribunal, los profesionales del Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes. In re Rivera Sepúlveda, *supra*; In re González Dávila, *supra*. Esta

---

[9] Según surge de los informes suplementarios suscritos por la Lcda. Ángela L. León Rodríguez, inspectora, la obra del abogado continúa adoleciendo de múltiples defectos, entre los que se encuentran: protocolos de los años 1999 y 2000 sin reconstruir; instrumentos públicos sin encuadernar, e insuficiencia arancelaria por $3,470.00.

obligación, inherente de la abogacía, está incorporada en el Canon 9 del Código de Ética Profesional. Una actitud displicente para con nuestros requerimientos, constituye una falta de respeto a la autoridad de este Tribunal que transgrede la disposición concerniente. In re Dávila Toro, 2015 TSPR 79, 193 DPR ___ (2015); In re Burgos González, 2015 TSPR 65, 192 DPR ___ (2015).

Cónsono a lo anterior, es deber de los miembros de la profesión legal atender rigurosa y oportunamente los mandatos de este Foro, máxime aquellos concernientes al trámite disciplinario en su contra. In re Dávila Toro, supra; In re Rivera Sepúlveda, supra; In re Pacheco Pacheco, 2015 TSPR 26, 192 DPR ___ (2015). Esta obligación se extiende a las entidades públicas a las cuales hemos delegado alguna función dentro del cauce disciplinario. In re Maldonado Nieves, 2015 TSPR 48, 192 DPR ___ (2015); In re Ponce Ponce, 190 DPR 504 (2014). Desacatar los requerimientos cursados por la ODIN o por la Oficina de la Procuradora General (Procuradora), como en múltiples ocasiones hemos señalado, equivale a ignorar las órdenes de este Tribunal. In re Maldonado Nieves, supra; In re Pacheco Pacheco, supra. "[L]a desatención a sus requerimientos 'tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida por nosotros'". In re Maldonado Nieves, supra, a la pág. 9, citando a In re Ponce Ponce, supra, a la pág. 509. Ante esta situación, procede

la suspensión inmediata e indefinida de la práctica, no tan solo a los que desatiendan nuestras órdenes, sino además, los requerimientos de la ODIN o de la Procuradora. In re Pacheco Pacheco, *supra*; In re Martínez Romero, *supra*.

### III

A raíz de la condición de salud del licenciado Rodríguez Zayas, la cual ha limitado su práctica en el campo del Derecho, este Tribunal ha sido condescendiente y le ha otorgado múltiples oportunidades desde mediados del 2014 para que pudiese subsanar las deficiencias encontradas en su obra notarial. A pesar de lo anterior, el letrado no ha realizado acto afirmativo alguno que sugiera su intención de dar cumplimiento a nuestros requerimientos y a los de la ODIN, en abierta violación al Canon 9 de Ética Profesional. No podemos continuar concediéndole oportunidades en el vacío, si el licenciado Rodríguez Zayas es incapaz de realizar algún esfuerzo conducente a la corrección de su trabajo notarial. La actitud e inacción del abogado demuestran total abandono de su responsabilidad pública, tanto en su rol de abogado, como de notario.

Es meritorio destacar que las faltas notariales que le fueran señaladas constan en su obra desde el año 2010, sin que el letrado le otorgara la debida atención. Ya hemos expresado que "[n]ingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contactará para verificar si se corrigen adecuadamente los señalamientos que dicha oficina efectúe, máxime cuando la imagen de la

profesión y la suya propia está en tela de juicio". In re Román Jiménez, 161 DPR 727, 733 (2004).

El licenciado Rodríguez Zayas no ha realizado esfuerzo alguno para subsanar, tan siquiera los defectos sustantivos en su obra. Según surge de los informes de la ODIN, el letrado no se ha presentado al Archivo Notarial del Distrito de Ponce, donde se encuentra su obra. Tampoco se ha comunicado con la inspectora a cargo del examen de su obra, en aras de encaminar su corrección. Esto es lo mínimo que podía haber hecho para acordar algún curso de acción que pudiese paliar sus faltas.

El licenciado Rodríguez Zayas estaba plenamente apercibido de las consecuencias que podría acarrear su desatención a las órdenes de este Tribunal.

**IV**

En vista del craso incumplimiento del Lcdo. Gilberto Rodríguez Zayas con los requerimientos de la ODIN, así como de las órdenes de este Tribunal, decretamos su **suspensión inmediata e indefinida del ejercicio de la abogacía.**

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta

(30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese **personalmente** esta Opinión *Per Curiam* al Lcdo. Gilberto Rodríguez Zayas por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gilberto Rodríguez Zayas

Núm. TS-7583     Conducta
                Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Gilberto Rodríguez Zayas del ejercicio de la abogacía, a partir de su notificación.

El licenciado Rodríguez Zayas deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Tiene la obligación de acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al Lcdo. Gilberto Rodríguez Zayas por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y ordena el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo