EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Lourdes Santiago Rodríguez | 2016 TSPR 43  194 DPR ____ |
|---|---|

Número del Caso: TS-17,571

Fecha: 7 de marzo de 2016

Oficina de Inspección de Notarías:

     Lcdo. Manuel Ávila de Jesús
     Director

Materia: Conducta Profesional – La suspensión será efectiva el 10 de marzo de 2016, fecha en que se le notificó la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re Lourdes Santiago Rodríguez

TS-17,571

PER CURIAM

En San Juan, Puerto Rico, a 7 de marzo de 2016.

Una vez más nos vemos precisados a suspender a una miembro de la profesión legal por desatender los requerimientos de este Tribunal, apartándose así de las normas éticas que rigen la práctica de la abogacía. En atención al marco fáctico que a continuación reseñamos, ordenamos la suspensión inmediata e indefinida de la Lcda. Lourdes Santiago Rodríguez del ejercicio de la abogacía y de la notaría.

I

La Lcda. Lourdes M. Santiago Rodríguez fue admitida al ejercicio de la abogacía el 2 de octubre de 2009 y al ejercicio de la notaría el 19 de enero de 2010. Los hechos que dan lugar a esta acción disciplinaria son los siguientes.

El 1 de septiembre de 2015 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un escrito titulado "Informe especial sobre incumplimiento de la Ley Notarial y su Reglamento" en el que nos informó que la licenciada Santiago Rodríguez había incumplido con su obligación de remitir a la ODIN sus índices de actividad notarial y que se encontraba desprovista de una Fianza. En el informe se hizo constar que la notaria no había respondido a las distintas notificaciones enviadas por la ODIN a los fines de que se cumpliera con la Ley Notarial y su Reglamento.

En respuesta a ello, **el 16 de noviembre de 2015** emitimos una Resolución ordenando la incautación preventiva e inmediata de la obra protocolar de la licenciada Santiago Rodríguez. Además, **le ordenamos comparecer en un término de 10 días para mostrar causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y de la notaría.** Esta orden le **fue notificada personalmente** a la licenciada el 24 de noviembre de 2015 a través de la Oficina de Alguaciles de este Tribunal. A pesar de la

debida notificación, la letrada **no compareció en el término ordenado**.

Así las cosas, el 10 de diciembre de 2015 compareció nuevamente el Director de la ODIN mediante un "Informe sobre estado de obra notarial". En este se detalla que la obra notarial que fue incautada y entregada a los Alguaciles de este Tribunal no comprendía todos los instrumentos públicos que habían sido autorizados por la notaria. Esto se desprendió de los informes estadísticos que esta había presentado previamente. Ante ello, se nos solicitó que le ordenáramos a la licenciada Santiago Rodríguez hacer entrega de todos los protocolos que tuviera bajo su custodia, que registrara en su libro de Testimonios ciertos asientos omitidos, y que cancelara ciertos aranceles correspondientes a la Sociedad para Asistencia Legal para subsanar unas deficiencias encontradas en la obra notarial. El Director de la ODIN compareció por tercera ocasión el 22 de diciembre de 2015, para notificar el incumplimiento de la letrada con la orden que habíamos emitido en noviembre de 2015.

II

Es de conocimiento general a todos los miembros de la profesión jurídica que todo abogado y abogada tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal.[1] Como reseñamos

---

[1] In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011).

recientemente en In re Rodríguez Zayas, "[e]l desafío a la autoridad de este Tribunal constituye una patente infracción al Código de Ética Profesional que justifica nuestra intervención y el curso de acción disciplinaria".[2] La propia naturaleza pública de la profesión de la abogacía le impone al abogado y abogada el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias.[3] Por ello, como funcionarios de este Tribunal, los profesionales del Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes.[4] Lo contrario constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.[5] Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión.[6]

Asimismo, sabemos que todo notario y notaria está obligado a cumplir cabalmente con la Ley Notarial de Puerto Rico[7] y el Reglamento Notarial de Puerto Rico.[8] Tanta es la importancia de esto que hemos enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar

---

[2] 2015 TSPR 175, 194 DPR ___. (Citas omitidas).
[3] In re Prieto Rivera, 180 DPR 692, 697 (2011); In re Morales Rodríguez, 179 DPR 766, 769 (2011); In re García Incera, 177 DPR 329, 331 (2009).
[4] In re Rodríguez Zayas, supra, pág. 6.
[5] Id.; In re Dávila Toro, 2015 TSPR 79, 193 DPR ___ (2015).
[6] In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).
[7] 4 LPRA sec. 2001 et seq.
[8] 4 LPRA Ap. XXIV.

las órdenes de este Tribunal.[9] Este debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional.[10] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[11]

Conforme al Art. 12 de la Ley Notarial de Puerto Rico[12] y la Regla 12 de su Reglamento[13] todo notario tiene la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. Cabe destacar que deben remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes. En In re Miranda Cassasnovas,[14] señalamos al respecto lo siguiente:

> Reiteradamente hemos enfatizado que la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias. Debemos puntualizar, además, que dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios. Evidentemente, el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. En armonía con lo anterior, en In re Cruz Ramos, 127 D.P.R. 1005, 1007

---

[9] In re Rodríguez Zayas, supra, pág. 7.
[10] In re Martínez Sotomayor, 189 DPR 492, 499 (2013).
[11] Íd.
[12] 4 LPRA sec. 2023.
[13] 4 L.P.R.A. Ap. XXIV.
[14] 175 DPR 774 (2009).

(1991), expresamos que *el abogado que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en el ejercicio de honestidad profesional, abstenerse de practicar el notariado.*[15]

Por otra parte, el Art. 48 de la Ley Notarial[16], dispone la forma en que los notarios conservarán los protocolos. A tales fines, estos son responsables de su integridad y están sujetos a sanciones si se deterioran o pierden por su falta de diligencia.[17] El compromiso del notario es de tal grado en torno al cuidado de los Protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, supra, impone sobre este la responsabilidad por el deterioro o la pérdida de estos. El notario vendrá obligado a reponerlos o restaurarlos a sus expensas.[18] Claro está, el que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas.[19]

### III

En el caso de autos, la licenciada Santiago Rodríguez incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal, a pesar de que nuestra orden le fue notificada personalmente. Tampoco ha comparecido a excusar su falta de cumplimiento. Este cuadro

---

[15] Íd, págs. 778-779. (Citas omitidas) (Énfasis en el original).
[16] 4 LPRA sec. 2072.
[17] In re Rosenbaum, 189 DPR 115, 119 (2013).
[18] Íd.
[19] Íd.

fáctico se agrava ante las deficiencias de su Protocolo que al día de hoy no han sido corregidas o subsanadas y ante el hecho de que luego de una orden al respecto, esta no haya entregado su obra notarial completa ni cumplió con los requerimientos que le hiciera previamente la ODIN en cuanto a sus índices notariales.

IV

En vista de lo anterior, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la licenciada Santiago Rodríguez, **según se le había apercibido.** Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por ODIN. Debe acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar de la señora Santiago Rodríguez que no pudo ser recuperada y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        TS-17,571

   Lourdes Santiago Rodríguez

SENTENCIA

En San Juan, Puerto Rico, a 7 de marzo de 2016.

       Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y de la notaría a la Lcda. Lourdes Santiago Rodríguez. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por ODIN. Debe acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

       Finalmente, el Alguacil de este Tribunal deberá incautar el sello notarial y la obra protocolar de la señora Santiago Rodríguez que no pudo ser recuperada y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

       Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretaria del Tribunal Supremo