EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 72 |
| | 200 DPR ____ |
| Efraín Latoni Rivera (TS-2,540) | |

Número del Caso: AB-2016-306

Fecha: 23 de abril de 2018

Abogado de la parte promovida:

            Por derecho propio.

Materia:  Conducta Profesional – La suspensión será efectiva el 30 de abril de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                                  Conducta
                                                  Profesional

Efraín Latoni Rivera
(TS-2,540)                      AB-2016-0306

PER CURIAM

En San Juan, Puerto Rico, a 23 de abril de 2018.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con nuestras órdenes.

I

El Lcdo. Efraín Latoni Rivera fue admitido al ejercicio de la abogacía el 31 de marzo de 1965. En iguales términos, el 14 de abril de 1965 prestó juramento para ejercer el notariado. El 17 de junio de 2015, el licenciado Latoni Rivera otorgó la Escritura Núm. 3 sobre Compraventa. Mediante esa escritura, el Sr. Marino Martínez Jiménez vendió a la

la Sra. Teodosa Cordero Bello el cincuenta por ciento de un solar ubicado en el Municipio de Bayamón, identificado como la Finca Núm. 19,947. El 8 de abril de 2016, el licenciado Latoni Rivera otorgó la Escritura Núm. 5 de Compraventa, mediante la cual la Sra. Bonifacia Cordero Bello vendió a la Sra. Edita Rosario Fragoso y al Sr. Abel Rubio Feliz el cincuenta por ciento de un solar ubicado igualmente en el Municipio de Bayamón, identificado como la Finca Núm. 33,189.

El 12 de octubre de 2016, las señoras Cordero Bello y Rosario Fragoso presentaron una queja contra el licenciado Latoni Rivera ante este Tribunal. Sostuvieron que pagaron a este la totalidad de los honorarios por el otorgamiento de las Escrituras Núm. 3 y Núm. 5. Indicaron que el pago se haría mediante un descuento en la renta que el licenciado Latoni Rivera pagaba por concepto de arrendamiento de una propiedad perteneciente a las señoras Cordero Bello y Rosario Fragoso. Señalaron que el proceso de presentación de los instrumentos ante el Registro de la Propiedad de Bayamón, Sección Primera, no se completó. Adujeron que uno de los instrumentos se presentó y que, posteriormente, el Registro emitió una notificación sobre dicha presentación, pero esta caducó. Alegaron que visitaron al letrado Latoni Rivera para requerir información sobre la presentación de los documentos al Registro de la Propiedad y que este les indicó que tardaría en proveérsela. Además, indicaron que han tratado de comunicarse con el licenciado para obtener

copias de los documentos y realizar las gestiones por su cuenta, pero sus esfuerzos han sido infructuosos.

El 31 de octubre de 2016, el licenciado Latoni Rivera contestó la queja. Informó que en los últimos años su salud se ha visto deteriorada. Admitió que autorizó las Escrituras Núm. 3 y Núm. 5, según se alega en la queja. Sin embargo, arguyó que no se comprometió a presentar la Escritura Núm. 3 ante el Registro de la Propiedad. Señaló que aceptó la propuesta de pago de la señora Cordero Bello, consistente en el descuento de dos meses de renta como un adelanto, ya que la cantidad correspondiente a ese descuento en la renta no era suficiente para cubrir los gastos por las escrituras. Indicó que los gastos relacionados a esas escrituras no fueron sufragados en su totalidad. Alegó también que en una de las visitas que la señora Cordero Bello le realizó, ella le reclamó por las copias de las escrituras y él le manifestó que el proceso de otorgar copias de su obra notarial es indelegable, que no se encontraba en condiciones para ejecutar ese proceso y que no podía delegar dicha función a sus familiares. Sostuvo que, por su condición de salud, tampoco había podido nombrar a un notario sustituto. Finalmente, señaló que solicitó cesar el ejercicio de la notaría y que ha comenzado a gestionar la entrega de su obra notarial con la Oficina de Inspección de Notarías (ODIN).

En relación a estos hechos, el 31 de marzo de 2017, el Director de la ODIN presentó un *Informe* ante este Tribunal.

El Director de la ODIN concluyó que mediante su actuación en el proceso de otorgación de las Escrituras Núm. 3 y Núm. 5, el licenciado Latoni Rivera infringió los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX. Por ello, nos recomendó amonestarlo por infracciones a la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., y al Código de Ética Profesional, supra. Recomendó, además, que le ordenemos sufragar los trámites para que la Escritura Núm. 3 pueda ser subsanada y se ratifique la transacción esbozada en la Escritura Núm. 5. Asimismo, recomendó que le ordenemos sufragar los gastos requeridos para que las escrituras sean presentadas ante el Registro de la Propiedad. Adelantó que una vez amonestado y acreditado el trámite de presentación de ambos instrumentos públicos en el Registro de la Propiedad, recomendaría el archivo de la queja.

El 24 de abril de 2017, emitimos una Resolución en la que le concedimos al licenciado Latoni Rivera un término de veinte días para que se expresara sobre el Informe de la ODIN. En esa Resolución, se le advirtió que de no comparecer en el término provisto se entendería que se allana a las recomendaciones formuladas en el informe. No obstante, el letrado no respondió a nuestro requerimiento.

Consecuentemente, el 23 de junio de 2017 emitimos una segunda resolución en la que le informamos que entendíamos que se allanó al Informe de la ODIN, según se le apercibió. Además, lo amonestamos por las infracciones a la Ley Notarial, supra, y al Código de Ética Profesional, supra.

Asimismo, conforme a la recomendación del Director de la ODIN, le ordenamos sufragar la totalidad de los gastos para que, ante otro notario: 1) se subsanaran las deficiencias señaladas en la Escritura Núm. 3 de 2015; 2) se otorgara un nuevo instrumento público entre las partes concernidas que ratifique la transacción esbozada de la Escritura Núm. 5 de 2016, y 3) se presentaran las copias certificadas de ambos instrumentos públicos, con sus correspondientes comprobantes, ante el Registro de la Propiedad de Bayamón, Sección Primera, para su oportuna calificación y despacho. Le informamos al letrado Latoni Rivera que una vez se acreditara el trámite de presentación de ambos instrumentos públicos en el Registro de la Propiedad, se procedería al archivo de la queja.

El 5 de septiembre de 2017, emitimos una Resolución en la que le concedimos al licenciado Latoni Rivera un término de diez días para acreditarnos las gestiones que había realizado en cumplimiento con la Resolución del 23 de junio de 2017. El término transcurrió y el abogado no compareció.

Ante ello, el 23 de febrero de 2018 emitimos una Resolución adicional en la cual le concedimos un término de treinta días para que mostrara causa por la cual no debíamos imponerle sanciones que podrían iniciar su suspensión del ejercicio de la profesión, por su incumplimiento con lo ordenado en nuestras Resoluciones de 23 de junio de 2017 y 5 de septiembre de 2017. Este término venció y el licenciado Latoni Rivera no cumplió con nuestro requerimiento.

II

El Código de Ética Profesional incorpora en un mismo cuerpo legal las normas mínimas de conducta que deben exhibir los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. In re De Jesús Román, 192 DPR 799, 802 (2015).

El Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone, en lo pertinente, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Hemos resuelto en innumerables ocasiones que "[l]a naturaleza de la función del abogado requiere de este una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". In re Dávila Toro, 179 DPR 833, 840 (2010).

Este Tribunal ha reiterado que los abogados deben la más estricta observancia a las órdenes judiciales, más aún cuando se trata de procedimientos disciplinarios. In re García Ortiz, 187 DPR 507, 524 (2012). Por ello, asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, al igual que ante los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. Véase In re Colón Collazo, 196 DPR 239, 242 (2016); véase, además, In re Rodríguez Zayas, 194 DPR 337, 342 (2015). Hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente

ante nuestros apercibimientos de imponerle sanciones disciplinarias. Galarza Rodríguez, Ex parte, 183 DPR 228, 230 (2011). Es decir, la consecuencia del incumplimiento con las órdenes o los requerimientos de este Tribunal ha sido, consistentemente, la suspensión indefinida del ejercicio de la profesión. In re Prado Rodríguez, 190 DPR 361 (2014).

III

Nos encontramos ante un caso en el cual un miembro de la profesión desatendió nuestras ordenes en múltiples ocasiones. Le ordenamos al licenciado Latoni Rivera sufragar los gastos para que otro notario corrigiera los errores que cometió al otorgar las escrituras y se presentaran las copias certificadas de estas ante el Registro de la Propiedad, para su oportuna calificación y despacho. Luego, le concedimos un término para que nos informara de las gestiones que estaba llevando a cabo para cumplir con este requerimiento. Sin embargo, este desacató nuestras órdenes.

La dejadez que mostró el licenciado Latoni Rivera ante nuestros requerimientos es prueba de que ya no desea continuar en el ejercicio de la abogacía y la notaría. A pesar de que le dimos la oportunidad de sufragar los gastos para completar los trámites en una gestión en la cual no fue diligente y así evitar ser suspendido, este no la aprovechó. Además, falló en proveer justa causa para su incumplimiento. Su conducta indiferente ante nuestros

requerimientos constituye una falta de respeto a esta Curia, que violenta el Canon 9, supra.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Latoni Rivera. Se le ordena nuevamente sufragar la totalidad de los gastos para que, ante otro notario: 1) se subsanen las deficiencias señaladas en la Escritura Núm. 3 de 2015; 2) se otorgue un nuevo instrumento público entre las partes concernidas que ratifique la transacción esbozada de la Escritura Núm. 5 de 2016, y 3) se presenten las copias certificadas de ambos instrumentos públicos, con sus correspondientes comprobantes ante el Registro de la Propiedad de Bayamón, Sección Primera, para su oportuna calificación y despacho. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, el señor Latoni Rivera deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Se impone al señor Latoni Rivera el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá

acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al Alguacil de este Tribunal incautar inmediatamente la parte de la obra notarial que no haya sido entregada a la ODIN y el sello notarial del señor Latoni Rivera y entregar los mismos al Director de la ODIN, para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Latoni Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Latoni Rivera a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia, para que tome la acción que estime pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                           Conducta
                                           Profesional
Efraín Latoni Rivera
(TS-2,540)                          AB-2016-0306

SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Latoni Rivera. Se le ordena nuevamente sufragar la totalidad de los gastos para que, ante otro notario: 1) se subsanen las deficiencias señaladas en la Escritura Núm. 3 de 2015; 2) se otorgue un nuevo instrumento público entre las partes concernidas que ratifique la transacción esbozada de la Escritura Núm. 5 de 2016, y 3) se presenten las copias certificadas de ambos instrumentos públicos, con sus correspondientes comprobantes ante el Registro de la Propiedad de Bayamón, Sección Primera, para su oportuna calificación y despacho. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, el señor Latoni Rivera

deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra

libre de deficiencias.

Se impone al señor Latoni Rivera el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al Alguacil de este Tribunal incautar inmediatamente la parte de la obra notarial que no haya sido entregada a la ODIN y el sello notarial del señor Latoni Rivera y entregar los mismos al Director de la ODIN, para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Latoni Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Latoni Rivera a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia, para que tome la acción que estime pertinente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino. La Juez Asociada señora Rodríguez Rodríguez no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo