EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Rafael A. Lugo Rodríguez
(TS-6,587) | 2018 TSPR 153

200 DPR ____ |

Número del Caso:  AB-2016-224

Fecha: 26 de julio de 2018

Abogado del promovido:

        Por derecho propio.

Oficina de Inspección de Notarías:

        Lcdo. Manuel Ávila De Jesús
        Director


Oficina del Procurador General:

        Lcdo. Joseph Feldstein Del Valle
        Procurador General

        Lcda. Gisela Rivera Matos
        Procuradora General Auxiliar


Materia:  La suspensión será efectiva el 18 de agosto de 2018, fecha en que se le notificó por correo certificado al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace omo un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael A. Lugo Rodríguez          AB-2016-0224
(TS-6,587)

Conducta
Profesional

PER CURIAM

En San Juan, Puerto Rico, a 26 de julio de 2018.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con nuestras órdenes.

I

El Lcdo. Rafael A. Lugo Rodríguez fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979. En iguales términos, el 29 de noviembre de 1979 prestó juramento para ejercer el notariado. El 14 de julio de 2016, el Sr. Luis A. Lozada Tua presentó una queja contra el licenciado Lugo Rodríguez ante este Tribunal. Indicó que otorgó tres préstamos a favor de varias personas y el licenciado Lugo Rodríguez preparó tres documentos para garantizar esos préstamos.

Señaló que el licenciado Lugo Rodríguez "nunca procesó los documentos", por lo que adujo que no se presentaron en el Registro de la Propiedad y, como consecuencia, perdió el capital objeto de los préstamos.

El 15 de agosto de 2016, la Subsecretaria del Tribunal Supremo le concedió diez días al licenciado Lugo Rodríguez para que contestara la queja. Le informó que, de no comparecer en el término provisto, referiría la queja al Procurador General y a la Oficina de Inspección de Notarías (ODIN). La notificación fue enviada por correo. El término de diez días transcurrió, pero el letrado no contestó.

El 17 de octubre de 2016, la Subsecretaria del Tribunal Supremo le envió al licenciado Lugo Rodríguez una segunda notificación. Le concedió un término final de diez días para que sometiera su contestación a la queja. Esta notificación también fue enviada por correo a la dirección que aparece en RUA. El término transcurrió y el licenciado Lugo Rodríguez no compareció.

El 24 de abril de 2017, emitimos una resolución en la que hicimos constar que el 15 de agosto de 2016 y el 17 de octubre de 2016 se le ordenó al licenciado Lugo Rodríguez contestar la queja. Le concedimos un término final e improrrogable de cinco días para que contestara la queja. Se le apercibió de que si no comparecía en el término provisto se le podrían imponer sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. El licenciado Lugo Rodríguez tampoco cumplió con esta orden.

Ante la incomparecencia del licenciado Lugo Rodríguez, el 22 de mayo de 2017 le referimos el expediente de este caso al Procurador General y le ordenamos investigar y presentar un informe.

El 30 de junio de 2017, el Procurador General le envió al licenciado Lugo Rodríguez un requerimiento mediante carta certificada con acuse de recibo. Le solicitó que contestara la queja. El abogado no reclamó el requerimiento. Consecuentemente, se recibió de vuelta en el correo.

El 31 de julio de 2017, el Procurador General le envió al letrado un segundo requerimiento, también mediante correo certificado. Sin embargo, el abogado Lugo Rodríguez tampoco lo reclamó, por lo que se recibió de vuelta en el correo. Este requerimiento además fue enviado al letrado mediante correo electrónico.

El 23 de agosto de 2017, el Procurador General le envió un tercer requerimiento al licenciado Lugo Rodríguez, esta vez por correo regular. El letrado no respondió.

El 1 de diciembre de 2017, el Procurador General presentó su informe en relación con este caso. Recomendó que sancionemos al licenciado Lugo Rodríguez por incumplir con los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX.

Aunque el letrado Lugo Rodríguez nunca cumplió con los requerimientos del Procurador General ni con los nuestros, sí compareció ante la ODIN. El 12 de mayo de 2017, presentó una contestación ante ese foro en la que negó todas las

alegaciones contenidas en la queja y sostuvo que el señor Lozada Tua carece de capacidad jurídica para presentar una querella en su contra. El 2 de junio de 2017, la ODIN le requirió al licenciado Lugo Rodríguez una copia certificada de una de las escrituras que se mencionan en la queja. El 13 de junio de 2017, le realizó el mismo requerimiento. Ambos requerimientos se le enviaron al licenciado Lugo Rodríguez por correo regular y correo electrónico. El letrado nunca contestó.

Finalmente, el Director de la ODIN presentó su informe sobre el caso. Abundó sobre los requerimientos que le hizo al licenciado Lugo Rodríguez por escrito y añadió que el personal de su oficina también intentó comunicarse con el letrado por vía telefónica para realizarle los requerimientos pero sus esfuerzos fueron infructuosos. Ya que el licenciado Lugo Rodríguez no cumplió con esos requerimientos, la ODIN no pudo culminar su investigación.

El Director de la ODIN también recomendó que sancionemos al licenciado Lugo Rodríguez por incumplir con los Cánones 9 y 12 del Código de Ética Profesional, supra.

El 25 de mayo de 2018 emitimos una resolución en la que le concedimos al licenciado Lugo Rodríguez treinta días para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía y la notaría. El letrado Lugo Rodríguez tampoco cumplió con esta orden.

II

El Canon 9 del Código de Ética Profesional, supra, dispone, en lo pertinente, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Cónsono con ello, hemos expresado que "[l]a naturaleza de la función del abogado requiere de este una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". In re Dávila Toro, 179 DPR 833, 840 (2010). Además, hemos resuelto que asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, al igual que ante los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. Véanse In re Colón Collazo, 196 DPR 239, 242 (2016); In re Rodríguez Zayas, 194 DPR 337, 342 (2015). Por eso, procede la suspensión inmediata e indefinida del ejercicio de la profesión, no tan solo a los que desatiendan nuestras órdenes, sino los requerimientos de la ODIN o del Procurador General. Véase, In re Rodríguez Zayas, 194 DPR 337, 342 (2015).

III

En esta ocasión, un miembro de la profesión desatendió las órdenes del Procurador General, de la ODIN y de este Tribunal. Se ordenó al licenciado Lugo Rodríguez presentar su contestación a la queja previo a referir su caso a la Oficina del Procurador General. Se le cursaron tres cartas al respecto y se le concedió amplia oportunidad para

contestar. No obstante, nunca respondió. Referimos el asunto al Procurador General y este le hizo tres requerimientos. El licenciado Lugo Rodríguez los ignoró. Por otro lado, en aras de completar su investigación, el Director de la ODIN le solicitó en varias ocasiones que le remitiera cierto documento relacionado con la queja. Ya que el licenciado no cumplió con esas órdenes, la ODIN no pudo finalizar su investigación en este caso.

Finalmente, le concedimos un término de treinta días al licenciado Lugo Rodríguez para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía y la notaría. También nos ignoró.

La dejadez que mostró el licenciado Lugo Rodríguez ante todos los requerimientos que se le realizaron es prueba fehaciente de que no le interesa continuar en el ejercicio de la abogacía y la notaría. Su conducta indiferente ante todas las comunicaciones que se le enviaron constituye una falta de respeto a esta Curia, que violenta el Canon 9, supra.

IV

Por los fundamentos antes expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Lugo Rodríguez. Le exigimos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y

administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Lugo Rodríguez y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Lugo Rodríguez mientras la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael A. Lugo Rodríguez          AB-2016-0224          Conducta
(TS-6,587)                                              Profesional

SENTENCIA

En San Juan, Puerto Rico, a 26 de julio de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Lugo Rodríguez. Le exigimos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Lugo Rodríguez y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Lugo Rodríguez mientras la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo