EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Axel A. Núñez Vázquez | 2019 TSPR 124<br><br>202 DPR _____ |

Número del Caso: TS-11,650

Fecha: 5 de junio de 2019

Lcdo. Axel A. Núñez Vázquez:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Conducta Profesional: La suspensión será efectiva el 8 de julio de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*<br><br>Axel A. Núñez Vázquez | **Núm.** <u>TS-11,650</u> | |

*PER CURIAM*

En San Juan, Puerto Rico, a 5 de junio de 2019.

En esta ocasión, nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un integrante de la profesión legal por su reiterada desatención e incumplimiento con las órdenes de este Tribunal.

**I.**

El Lcdo. Axel A. Núñez Vázquez fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 26 de febrero de 1997. El 14 de marzo de 2017 fue suspendido indefinidamente del ejercicio de la Notaría. Ello, luego de que el Director de la Oficina de Inspección de Notarías (ODIN), el Lcdo. Manuel E. Ávila de Jesús, presentara un *Informe Especial sobre Incumplimiento con la Ley Notarial de Puerto Rico y su Reglamento y en Solicitud de Remedio*. En la sentencia suspendiéndolo de la práctica de la Notaría, se ordenó al licenciado Núñez Vázquez someter los índices notariales adeudados so pena de sanciones ulteriores, entre las cuales se encontraban un referido al Tribunal de Primera Instancia para iniciar un proceso de desacato y la suspensión indefinida de la abogacía.

Así las cosas, el 18 de abril de 2017, el Director de la ODIN presentó un *Informe sobre Estado de Obra Incautada* (Informe). En éste, se detallaron las deficiencias de la obra notarial del licenciado Núñez Vázquez y se le informó a este Tribunal que, al momento de la incautación, el letrado informó a los alguaciles que no encontraba su Registro de Testimonios. El Director destacó, además, que se desconocía la cantidad total de testimonios autorizados, puesto que el licenciado Núñez Vázquez no había rendido los informes de actividad mensual desde el mes de marzo de 2009. Por último, el Director enumeró las deficiencias en la obra protocolar, según éstas surgían del *Informe de señalamientos preliminares* rendido por el Inspector de Protocolos y Notarías, el Lcdo. Elías Rivera Fernández.

Luego de examinar el *Informe sobre Estado de Obra Incautada* presentado por el Director de la ODIN, el 18 de mayo de 2017, emitimos una resolución mediante la cual ordenamos al licenciado Núñez Vázquez entregar la obra protocolar que no había sido incautada, incluyendo el Libro de Testimonios, en un término de quince (15) días. También dentro de ese término, se le ordenó entregar los informes de actividad notarial adeudados y presentar evidencia acreditativa del pago de la fianza notarial desde el año 2011 hasta la fecha de su suspensión. Por último, le ordenamos subsanar las deficiencias contenidas en el Informe, particularmente la deuda arancelaria -ascendente a $583.50 - en un término de cuarenta y cinco (45) días.

El 21 de julio de 2017, el Director de la ODIN compareció nuevamente mediante una *Moción notificando incumplimiento de orden y en solicitud de remedios* en la que informó que los términos concedidos al licenciado Núñez Vázquez habían transcurrido sin que éste cumpliera con lo ordenado. En atención a ello, el 8 de agosto de 2017 emitimos una resolución concediéndole al letrado un término final e improrrogable de treinta (30) días para cumplir con nuestra orden. En ésta, se le apercibió que su incumplimiento podría acarrear sanciones severas, tal y como la suspensión del ejercicio de la abogacía y un proceso de desacato. A pesar de este apercibimiento, el 8 de marzo de 2018, el Director de la ODIN presentó una *Moción reiterando incumplimiento de orden y en solicitud de remedios*. Mediante ésta, informó que el licenciado Núñez Vázquez no se había comunicado con el Inspector a cargo del proceso y que su obra protocolar permanecía en el mismo estado que fue informado el 18 de abril de 2017.

El 27 de abril de 2018, emitimos otra resolución mediante la cual referimos el asunto a la Sala de la Jueza Administradora del Tribunal de Primera Instancia, Sala de San Juan, para la celebración de una vista de desacato. En la resolución, además, le concedimos al letrado un término de diez (10) días para comparecer y mostrar causa por la cual no debía ser suspendido de la práctica de la abogacía por su reiterado incumplimiento con nuestras órdenes. Esta resolución le fue notificada personalmente el 21 de mayo

de 2018. Al día de hoy, sin embargo, el licenciado Núñez Vázquez no ha comparecido ante este Tribunal para cumplir con lo ordenado. Surge del expediente que, el 6 de noviembre de 2018, el letrado compareció mediante un escrito titulado *Moción sobre permiso para reconstruir libro de testimonio de notario*. En ésta, informó que no estaba ejerciendo activamente la abogacía y que no había podido ubicar su Libro de Testimonios porque lo había extraviado durante una mudanza. Así, solicitó permiso para reconstruirlo e indicó que había registrado en éste 944 testimonios. Además de esa comparecencia, y a más de un (1) año de nuestra última orden a esos efectos, el licenciado Núñez Vázquez no ha comparecido a mostrar causa por la cual no deba ser suspendido de la abogacía por su reiterado incumplimiento con nuestras órdenes.[1]

## II.

En innumerables ocasiones hemos establecido que responder y acatar las órdenes de este Tribunal constituye un deber ineludible de la clase togada. *In re Rodríguez Zayas*, 194 DPR 337 (2015). Asimismo, hemos dictaminado que ignorar los requerimientos cursados por este Tribunal representa un agravio a nuestra autoridad y, consiguientemente, configura una violación al Canon 9 del Código de Ética Profesional.

---

[1] En lo atinente a la vista de desacato, la misma tuvo lugar el 26 de abril de 2019 y, mediante Sentencia notificada el 6 de mayo del mismo año, se ordenó el archivo del caso sin perjuicio al amparo de la Regla 247(a) de las de Procedimiento Criminal. Ello, luego de que tanto el Inspector como el Director de la ODIN solicitaran el desistimiento.

*In re Bryan Picó*, 192 DPR 246, 251 (2015). Este Canon impone a todos los integrantes de la profesión legal el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. La desatención a las órdenes y requerimientos de este Tribunal constituye, además, una afrenta a nuestro poder inherente de regular la profesión legal.

En el presente caso, ha transcurrido más de un (1) año desde que ordenamos al licenciado Núñez Vázquez comparecer y mostrar causa por la cual no debía ser suspendido de la práctica de la abogacía por su reiterado incumplimiento con nuestras órdenes y con su deber de subsanar las deficiencias contenidas en el Informe presentado por la ODIN. A pesar de que el letrado compareció a la vista de desacato y el caso fue desistido, éste nunca compareció ante este Tribunal para cumplir con lo ordenado.

La mera incomparecencia ante este Tribunal, luego de que se le requiriera comparecer en múltiples instancias so pena de medidas disciplinarias severas es, de por sí, razón suficiente para separar al licenciado Núñez Vázquez de la profesión legal. Conviene recordar que, en el pasado, hemos dictaminado que la dejadez e indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para la suspensión inmediata de la abogacía. *In re Vélez Rivera*, 199 DPR 587, 591 (2018).

En este caso, a pesar del sinnúmero de oportunidades provistas para comparecer y cumplir con lo ordenado, el

licenciado Núñez Vázquez hizo caso omiso de nuestros pronunciamientos y apercibimientos y optó por desatender su deber de respetar la autoridad de este Tribunal. Sin lugar a dudas, su conducta constituye una violación al Canon 9 del Código de Ética Profesional. Resulta forzoso, pues, decretar su suspensión inmediata e indefinida de la práctica de la abogacía.

## III.

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del Lcdo. Axel A. Núñez Vázquez de la práctica de la abogacía. En caso de que el señor Núñez Vázquez esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Axel A. Núñez Vázquez | **Núm.** <u>TS-11,650</u> |

SENTENCIA

En San Juan, Puerto Rico, a 5 de junio de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida del licenciado Núñez Vázquez del ejercicio de la abogacía Puerto Rico. Se ordena, además, la remoción de su nombre del registro de abogados autorizados a postular en nuestra jurisdicción.

El señor Núñez Vázquez deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal, dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con lo anterior.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo